1  Kathryn Landman Bain, State Bar No. 260465
Laura M. Mazza, State Bar No. 259133
2  LANDMAN & MAZZA LLP
951 Mariners Island Blvd., Ste. 300
3  San Mateo, CA  94404
Telephone:  (650) 378-1472
4  Fax: (650) 763-3933
info@landmanmazza.com
5

6  Attorneys for Plaintiff
AMANDA ARCHULETA
7

8  Emily C. Pera, Bar No. 290445
FEDERAL EXPRESS CORPORATION
9  2601 Main Street, Suite 340
Irvine, California 92614
10  Telephone:  (949) 862-4585
Facsimile:   (949) 862-4605
11  emily.pera@fedex.com

12  Attorney for Defendant
FEDERAL EXPRESS CORPORATION

13

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17  AMANDA ARCHULETA, an individual,          Case No. CV 12-3614 RS

18              Plaintiff,

19       vs.                               **STIPULATION AND [PROPOSED]
                                           ORDER GOVERNING THE
20                                         DESIGNATION AND HANDLING OF
                                           CONFIDENTIAL MATERIALS**
21  FEDERAL EXPRESS CORPORATION, a
corporation, and DOES 1-50, inclusive,
22              Defendants.

23

24

25

26

27

28

STIP. AND [PROPOSED] ORDER RE:                        Case No. CV 12-3614 RS
CONFIDENTIAL MATERIALS

**STIPULATION**

**WHEREAS**, in the course of this action, disclosure may be sought or made of information which the parties or a third-party regard as being confidential, private, a trade secret, or proprietary in nature; and

**WHEREAS**, the parties desire to establish a mechanism to protect the disclosure of such confidential, private, trade secret, or proprietary information in this action.

**IT IS HEREBY STIPULATED** by and between Plaintiff Amanda Archuleta ("Plaintiff") and Defendant Federal Express Corporation ("Defendant") by and through their attorneys of record, that the following should govern the disclosure of confidential, private, trade secret and proprietary information in this action during the course of discovery and respectfully jointly request that the Court enter this Proposed Order Governing the Designation and Handling of Confidential Materials (the "Order").

**DEFINITIONS**

For purposes of this Stipulation, the following definitions shall apply:

1.      "Party" means every party to this action, as well as any third-party, and every director, officer, employee and agent of every party or third-party.

2.      "Receiving Party" is a party that receives disclosure or discovery material from a Producing Party.

3.      "Producing Party" is a party that produces Disclosure of Discovery material in this case.

4.      "Designating Party" is a party that designates information or items that it produces in disclosures or in responses to discovery or otherwise as "CONFIDENTIAL" information.

5.      "CONFIDENTIAL" is a designation that any Party may apply to information which it believes, in good faith, to constitute, contain, reveal or reflect confidential or privileged information protected by applicable state and/or federal law, such as employee medical records, compensation, salary, personnel records, trade secrets and other confidential research, development, commercial or personal information relating to its business or which was disclosed to it in confidence by any third-party, the disclosure of which to the general public could adversely prejudice that Party. Information will not be deemed "CONFIDENTIAL," and the Parties shall use reasonable efforts to ensure that information is not designated as such, if the content or substance thereof:

-2-

1    a.    is at the time of disclosure, or subsequently becomes generally available to the

2  relevant public through no wrongful act or failure to act on the part of the Receiving Party; or

3    b.    is disclosed to the Receiving Party by a third-party without breach of an obligation

4  of confidence, except if the information is disclosed in response to a subpoena and a Party subsequently

5  designates the information as "CONFIDENTIAL" pursuant to section "d." below.

6    3.    "Confidential Information" means any information which is properly designated

7  "CONFIDENTIAL" as described above.

8    4.    "Designating Party" means any Party disclosing during this action information which is

9  designated "CONFIDENTIAL" by said Party.

10    5.    "Counsel of Record" includes the following law firms and any law firms retained by a

11  third-party in connection with disclosure of Confidential Information hereunder, including all attorneys,

12  paraprofessionals, clerks, and secretaries employed by such law firms:

13    a.    Landman & Mazza LLP

14    b.    Federal Express Corporation Legal Department

15  **DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**

16    **1.    Materials Subject to Designation.**

17  All originals or copies, of transcripts of depositions (regardless of medium of transcription),

18  exhibits, answers to interrogatories and requests for admissions, and all documents, materials, tangible

19  things and information obtained through discovery by inspection of files or facilities, production of

20  documents and things, or otherwise obtained pursuant to this action, may be designated as

21  "CONFIDENTIAL" by any Party in conformity with the definitions set forth above.

22    **2.    Manner of Designating Confidential Information.**

23    a.    A Party shall designate documents containing Confidential Information by placing

24  a legend on each page of any document that the Party wishes to protect against disclosure or use, or in the

25  case of computer disks or tape, on the cover or container of the disk or tape.  This legend shall state

26  "CONFIDENTIAL" and documents so designated shall be treated according to their designation, as set

27  forth in Paragraph 3 below.  A designation of Confidential Information as to anything for which

28  inspection or sampling is allowed shall be made by placing a "CONFIDENTIAL" legend on the thing or

-3-

1  container within which it is stored, or by some other means of designation agreed upon by the Parties.

2  With the exception of Section 2(b) immediately below, all documents and things shall be marked prior to

3  the provision of physical copies of these documents and things to counsel for the Receiving Party.

4        b.      A Party may, within ten (10) days after this Stipulation is fully executed, designate

5  as "CONFIDENTIAL" any previously produced documents in discovery that contain information listed

6  in definition of "CONFIDENTIAL" herein, and will provide written notice of such designations to every

7  other Party.  If material is designated as "CONFIDENTIAL" after the material was initially produced, the

8  Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the

9  material is treated in accordance with the provisions of this stipulation and Order.

10       c.      The parties recognize the possibility of inadvertent production of materials to

11  which a Party may make a claim of privilege or of protection from discovery as trial preparation material.

12  The inadvertent production of such documents shall not operate as a waiver of that privilege or protection

13  and shall not operate as any subject matter waiver of that privilege or protection.  The Receiving Party,

14  on timely notification of the inadvertent production, must make reasonable efforts to assure that the

15  material is returned to the Producing Party.

16       d.      Any documents produced by a third party in response to a subpoena issued by a

17  Party may be designated "CONFIDENTIAL" by any Party within ten (10) days of receipt of the

18  documents.  A Party may designate such documents as "CONFIDENTIAL" using the same method

19  described in section "a." above.

20  **3.      Treatment of Confidential Information.**

21       a.      Information designated as "CONFIDENTIAL," and all information derived from

22  the information so designated (excluding such information as is derived lawfully from an independent

23  source without reference to or reliance on the designated information) shall not be disclosed, given,

24  shown, made available or communicated in any way to any person or entity other than: Counsel of

25  Record and their respective legal assistants and staff; Plaintiff and Defendant; the Designating Party as

26  per Paragraph 11 below; authors and recipients, as per Paragraph 12 below; deponents and designated

27  persons testifying during the course of depositions taken in the action as provided by Paragraph 8 below;

28  the persons to whom disclosure is permitted under the terms of Paragraphs 4, 5 and 9 below; and the

-4-

1  officers, directors, attorneys, and managers of the Parties who are working directly on this litigation, to

2  whom it is necessary that the information be disclosed for the purposes of this litigation, and who have

3  executed and delivered to Counsel of Record making the disclosure of the Confidentiality Agreement in

4  the form attached to this Stipulation as Exhibit "A."  Information designated as "CONFIDENTIAL" and

5  all information derived from the information so designated (excluding such information as is derived

6  lawfully from an independent source without reference to or reliance on the designated information) shall

7  be used only for the purposes of this litigation and shall not be used for any other purpose whatsoever.

8       **4.     Outside Experts and Retained Consultants.**  Information designated as

9  "CONFIDENTIAL" may also be shown to outside experts or consultants, together with their clerical

10 personnel, who have been retained by a Party in connection with preparation for trial or for trial in this

11 action.

12      **5.     Request for Additional Disclosure.**  If any Counsel of Record desires to give, show,

13 make available or communicate to any person apart from those permitted under Paragraphs 3 and 4

14 above any information designated as "CONFIDENTIAL" that counsel shall first obtain the written

15 consent of the Designating Party through such Party's Counsel of Record or, if written consent is

16 withheld, a court order authorizing such disclosure.  Each person to whom the Confidential Information

17 is to be given, shown, made available or communicated pursuant to this paragraph must first execute a

18 written Confidentiality Agreement, in the form attached to this Order as Exhibit "A," a copy of which

19 shall be sent to the Designating Party prior to any disclosure.  Only after all of the foregoing conditions

20 have been fully satisfied may the Confidential Information be given, shown, made available or

21 communicated to any person other than those permitted under Paragraphs 3 and 4 above.  Nothing

22 contained herein shall be construed to restrict or limit the rights of the Parties in another action to

23 conduct discovery or the subpoena power of another court.

24      **6.     Record of Disclosure.**  Any Counsel of Record making any disclosure to any person

25 required to sign a Confidentiality Agreement under the terms of this Stipulation shall retain the original

26 of the Confidentiality Agreement signed by such person.  The original Confidentiality Agreements shall

27 be made available for inspection and copying by any opposing Counsel of Record upon written request.

28      **7.     Maintenance of Designated Information.**  Counsel of Record who have received

-5-

1  Confidential Information that is provided pursuant to this Stipulation shall maintain such Confidential

2  Information in a secure and safe area and shall exercise due and proper care with respect to the storage,

3  custody and use of all Confidential Information, so as to prevent the unauthorized or inadvertent

4  disclosure of any of it.

5      **8.    Manner of Designating Depositions.**  Should Counsel of Record for a party believe that

6  any question posed to a witness at deposition upon oral examination will disclose Confidential

7  Information, or that answers to any question will require such disclosure, or that documents designated as

8  containing Confidential Information will be used as exhibits during examination, said counsel can

9  identify on the record that questions concerning designated Confidential Information are being asked or

10  documents containing Confidential Information are being utilized and designate the deposition and

11  resulting transcript as "CONFIDENTIAL."  Unless otherwise ordered by this Court, the Designating

12  Party or the Receiving Party shall have the right to have all persons, except the person testifying in the

13  deposition and his or her counsel, Counsel of Record for the Parties, the court reporter, and such other

14  persons as are permitted under the terms of this Order Stipulation to have access to Confidential

15  Information, excluded from a deposition designated as "CONFIDENTIAL" during the taking of the

16  testimony designated pursuant to this Order.

17      **9.    Court Reporters/Videographers.**  Any court reporter/videographer shall be entitled to

18  hear Confidential Information and receive and handle exhibits containing Confidential Information as

19  necessary or appropriate for the performance of his or her duties.

20      **10.    Filing Documents with the Court.**  If, after a Party receives information designated

21  "CONFIDENTIAL" by another Party and it appears to the Receiving Party that papers containing

22  Confidential Information must be filed with the Court, the Receiving Party shall meet and confer with the

23  Designating Party to determine the appropriate means for filing such documents with the Court while

24  preserving the confidentiality of the information.  If the Parties are unable to agree as to the appropriate

25  means for filing such documents,, the Designating Party who in good faith believes that lodging or filing

26  under seal is required may, within ten (10) business days of being notified by the Receiving Party of its

27  intent to file, file an application with the Court to treat the filing as having been filed or lodged under

28  seal.  Notice of such request shall be given to all Parties.  Nothing in this provision relieves a Party of

-6-

1    liability for damages caused by failure to properly redact or file documents containing Confidential

2    Information under seal.

3           **11.      No Effects on Party's Own Use.**  Nothing contained in this Stipulation shall affect any

4    right of a Party to disclose or use any information designated and produced by it as "CONFIDENTIAL"

5    or the right of any party to show such information to officers, directors, employees, agents, partners, or

6    attorneys of the Designating Party.

7           **12.      No Effect on Disclosure to Author or Addressees.**  Nothing contained in this Stipulation

8    shall prevent, limit or otherwise restrict any Party from disclosing any information designated

9    "CONFIDENTIAL" to any author or prior recipient of a document containing the information.

10          **13.      Legal Effect of Confidentiality Designations.**  Neither the designation by a Party of any

11   document, material or information as "CONFIDENTIAL" nor treatment by a Party of any such

12   document, material or information in conformity with such designation shall constitute or be construed in

13   any way as an admission or agreement by any non-Designating Party that the designated disclosure

14   constitutes or contains any trade secret, propriety information or Confidential Information.

15          **14.      Final Disposition of Action.**  Upon the final disposition of this action, each Counsel of

16   Record shall upon request: (a) promptly return to Counsel of Record for the Designating Party, at the

17   expense of Designating Party all documents and things designated "CONFIDENTIAL" and all copies

18   made of such documents and things, including all electronic copies of documents stored on databases

19   maintained for discovery purposes; and (b) promptly destroy or see to the destruction of all writings

20   related to Confidential Information, including but not limited to notes, analyses, memoranda or reports

21   provided to or by any other persons, and certify to the Designating Party that such destruction has been

22   done.  As an exception to the above, Counsel of Record may retain a single file copy of any document

23   filed with the Court, any written discovery response, a transcript of any deposition testimony, together

24   with all exhibits to that transcript, and a database containing electronic copies of documents designated

25   "CONFIDENTIAL."  The copy of these retained documents shall continue to be treated as

26   "CONFIDENTIAL" and Counsel of Record shall immediately notify opposing Counsel of Record of any

27   attempt by third parties to inspect or copy said documents.

28          **15.      Motion for Relief from Designation.**  If, at any time, after a Party receives information

-7-

1    designated "CONFIDENTIAL" by another Party, it appears to the Receiving Party that any such

2    information is not entitled to the "CONFIDENTIAL" designation, such Receiving Party shall first notify

3    Counsel of Record for the Designating Party in writing, providing its reasons for challenging the

4    designation.  The Receiving Party may make such objection at any time during this litigation.  If, after

5    five (5) calendar days after such notice is given, the Parties have been unable to reach an agreement as to

6    whether the information should be treated as "CONFIDENTIAL," the Receiving Party will have to notify

7    the Designating Party as to whether the Receiving Party intends to bring a motion with the Court to have

8    the Court determine whether such designated information is appropriately designated as

9    "CONFIDENTIAL."  The Receiving Party will then have seven (7) calendar days to notice the motion at

10   which point the motion and any required briefing will proceed as required by the Court's Local Rules.

11   Until such motion has been decided, the information shall be treated as and considered properly

12   designated.

13          **17.    Inadvertent Failure to Designate or Disclosure.**  An inadvertent failure to designate

14   qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to

15   secure protection under this stipulation and Order for such material. If material is designated as

16   "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification

17   of the designation, must make reasonable efforts to treat the material in accordance with the provisions of

18   this Order.  Additionally, the Parties recognize the possibility of inadvertent production of materials to

19   which a Party may make a claim of privilege or protection from discovery as trial preparation material.

20   The inadvertent production of such materials shall not operate as a waiver of that privilege or protection

21   and shall not operate as any subject matter waiver of that privilege or protection.  The Receiving Party,

22   on timely notification of the inadvertent production, must make reasonable efforts to return the material

23   to the Producing Party and delete any electronic copies of the material.

24          **16.    Survival of Terms.**  Absent written modification by the Parties or further order of the

25   Court, the provisions of this Stipulation that restrict the disclosure and use of Confidential Information

26   shall survive the final disposition of this action and continue to be binding on all persons subject to the

27   terms of this Stipulation.  However, no modification by the Parties shall have the force or effect of a

28   Court Order unless the Court approves the modification.

STIP. AND [~~PROPOSED~~] ORDER RE:                                         Case No. CV 12-3614 RS
CONFIDENTIAL MATERIALS

1    **17.     Effect on Discovery.**  This Order shall not preclude or limit the right of any Party to

2    object to or resist discovery on any ground which would otherwise be available.

3    **18.     Order Binding When Signed.**  This Stipulation shall be binding on the Parties when

4    signed regardless of whether or when the Court enters an Order thereon.

5    **19.     Violation of Stipulation/Court Order.**  In the event anyone shall violate or threaten to

6    violate any term of this Stipulation or subsequent Court Order entered thereon, the Parties agree that the

7    aggrieved Party may immediately apply to the Court in this action to seek relief against any such person

8    violating or threatening to violate any of the terms of this Stipulation or any subsequent court Order

9    entered thereon.  The Parties and any other person subject to the terms of this Stipulation agree that this

10    Court has jurisdiction of such person or Party, for the purpose of enforcing this Stipulation.

11    **IT IS SO STIPULATED AND AGREED.**

12

13    DATED: August 28, 2013                    Respectfully submitted,

      LANDMAN & MAZZA LLP

14

15

16    By: _____/s/_____
          Kathryn Landman Bain
          Attorneys for Plaintiff

17        AMANDA ARCHULETA

18

19    DATED: August 28, 2013                    Respectfully submitted,

20

21    By: _____/s/_____
          Emily C. Pera
          Attorneys for Defendant

22        FEDERAL EXPRESS CORPORATION

23

24

25

26

27

28

-9-

STIP. AND [PROPOSED] ORDER RE:                                    Case No. CV 12-3614 RS
CONFIDENTIAL MATERIALS

-10-

1

**[~~PROPOSED~~] ORDER**

2        All of the parties to the above-captioned action having so stipulated, and GOOD CAUSE

3   APPEARING THEREFORE, IT IS HEREBY ORDERED that:

4        The above Stipulation Governing the Designation and Handling of Confidential Materials is made

5   an Order of this Court.

6        **IT IS SO ORDERED.**

7   Dated:  August 29, 2013

8   _____

9                      Richard Seeborg, US District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-10-

STIP. AND [~~PROPOSED~~] ORDER RE:                                              Case No. CV 12-3614 RS
CONFIDENTIAL MATERIALS

**EXHIBIT "A"**

ACKNOWLEDGMENT OF RECEIPT OF ORDER GOVERNING THE

DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS AND AGREEMENT TO BE

BOUND THEREBY

I hereby acknowledge receipt of and that I have read a copy of the Stipulation Governing the

Designation and Handling of Confidential Materials (the "Order"), which I understand was made on

_____, 2013, in the action entitled *Amanda Archuleta v. Federal Express*

*Corporation.*, US District Court Case No. CV 12-3614 RS.  I agree that I will be bound by the provisions

of the Stipulation and subsequently entered Court Order thereon with respect to any Confidential

Information provided to me under the terms thereof.  I agree that, if I receive any Confidential

Information, I will not make any copies thereof nor disclose such Confidential Information except as

permitted by the Order.  I further understand that if I fail to comply with the terms of the Order, I may be

subject to sanctions by the Court, and I hereby consent to personal jurisdiction in the State of California

with respect to any matter relating to or arising out of the Stipulation and/or subsequent court Order.

Executed this _____ day of _____, 2013, at _____, California.

_____

[Name]

-11-

STIP. AND [~~PROPOSED~~] ORDER RE:                                                                Case No. CV 12-3614 RS
CONFIDENTIAL MATERIALS